UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, JR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:10CV1037 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Mary Ann L. Medler's Report and Recommendation that the Petition filed by Petitioner for Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner has filed written objections to Judge Medler's Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, this Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). The Court, therefore has conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff object, pursuant to 28 U.S.C. § 636(b)(1).

The Court has thoroughly reviewed the entire record of the State Court and the record of the pleadings filed in this matter. For the reasons set forth below, the

Court adopts Judge Medler's Report and Recommendation in its entirely.

Judge Medler recommends dismissal of this habeas petition as untimely. Petitioner objects to this recommendation, arguing that the time for filing his habeas petition should be equitably tolled based on his "actual innocence," his lack of knowledge as to the timing limitations and his attorney's ineffectiveness.

With respect to Petitioner's lack of knowledge and diligence argument for tolling, the Court is unpersuaded that Petitioner is entitled to toll the time for filing this habeas petition. As fully detailed in Judge Medler's Report and Recommendation, Petitioner has previously filed habeas petitions in this Court. His previous petition was dismissed pursuant to Petitioner's request in order that he return to the post conviction procedures in state court. Petitioner filed several post conviction motions in the state court and has asked the state court to consider various claims of error at the state level. Petitioner filed his original petition in this Court, in which he also raised numerous grounds for relief. The Court is unpersuaded that Petitioner lacks the intellectual capacity to discern the timeliness of his filings.

With respect to Petitioner's claim that he has a valid "actual innocence" claim, the Eighth Circuit has very recently reaffirmed what constitutes "new" evidence for an actual innocence claim. In *Kidd v. Norman*, __F.3d. __, 2011 WL

3795098 (8th Cir. 2011), the Eighth Circuit held that the definition of "new" that must be followed by courts in the Eighth Circuit is that annunciated in *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). "[E]vidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Id.*

Petitioner has not presented any new evidence that could not have been discovered earlier. By his own admission, the purported exculpatory evidence was available at the time of the trial. Petitioner's claim of ineffective assistance regarding this "new" evidence does not overcome the standard outlined in *Amine*. See, *Kidd*, 2011 WL 3795098.

Petitioner's objections are therefore overruled. As Judge Medler thoroughly details, Petitioner's Section 2254 petition is untimely.

## Certificate of Appeal ability

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133

F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed in Judge Mummert's Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 30th day of September, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE