UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BELL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:10CV1037 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. No. 100], Respondent has filed his Response to the Court's Order to Show Cause [Doc. No. 126]. Upon review of this matter, the Court concludes the Amended Petition is untimely, pursuant to 28 U.S.C. § 2244(d). The Amended Petition will, therefore, be denied and dismissed.

**Background**

On April 19, 2005, the Missouri Court of Appeals affirmed Petitioner's conviction for first degree murder. On May 26, 2005, Petitioner filed a motion for post-conviction relief with the trial court, which was denied on October 12, 2006. The denial of Petition's motion was affirmed on appeal to the Missouri Court of Appeals on November 20, 2007, and the mandate issued on January 3, 2008.

Thereafter, Petitioner filed several petitions for writs of habeas corpus in Missouri state courts which were denied as follows: filed in state circuit court on April 17, 2008, denied on April 29, 2008; filed in state appellate court on May 19, 2008, denied on June 9, 2008; filed in the Missouri Supreme Court on August 5, 2008, denied on September 30, 2008.

Petitioner then filed a federal petition for writ of habeas corpus in this Court on December 11, 2008. (4:08CV1950HEA/MLM, Doc. No. 1). Petitioner supplemented his claims several times, and on February 17, 2009, a Report and Recommendation was issued finding that Petitioner had procedurally defaulted the issues he did not raise in his direct appeal or post-conviction relief proceedings, and that the remainder of his petition should be dismissed because it was largely incomprehensible and because many of the stated grounds for relief should have been brought in separate actions under 42 U.S.C. § 1983. (4:08CV1950HEA/MLM, Doc. No. 20). Petitioner was granted leave to file an amended petition. Petitioner then twice sought, and obtained, leave to file amended petitions. Additionally, Petitioner filed various motions and submissions with the Court.

On July 22, 2009, the Magistrate Judge issued a Report and Recommendation, again finding that Petitioner procedurally defaulted all of the issues in his amended petition that he had not raised in his direct appeal or in his post-conviction relief proceedings. (4:08CV1950HEA/MLM, Doc. No. 47). Further, the Report and Recommendation thoroughly analyzed eight issues which were not procedurally defaulted and found them to lack merit. The Magistrate Judge recommended dismissing the amended petition. In response to the Report and Recommendation, Petitioner filed a motion requesting that the Court either hold his case in abeyance or dismiss it without prejudice so that he could pursue further state remedies. (4:08CV1950HEA/MLM, Doc. No. 49). The Court granted Petitioner's motion and dismissed the case without prejudice. (4:08CV1950HEA/MLM, Doc. No. 50).

Thereafter, Petitioner filed a second round of habeas petitions in Missouri state courts which were denied as follows: filed in state circuit court on September 1, 2009, denied on September 16, 2009; appealed on October 8, 2009, appeal dismissed on Petitioner's motion on December 4, 2009; filed in state circuit court on December 14, 2009, denied on April 21, 2011.

Petitioner returned to federal court by filing his initial Petition in the instant matter on June 4, 2010. The Magistrate Judge considered the Petition and issued a Report and Recommendation finding that the Petition was untimely, pursuant to 28 U.S.C. § 2244(d)(1), and recommended that it be dismissed. By Opinion, Memorandum, and Order entered on September 30, 2011, the Court dismissed the Petition as untimely. On October 3, 2011, Petitioner, through appointed counsel,[1] filed a motion for reconsideration, which requested that the Court vacate its dismissal of the matter and allow Petitioner to file an amended petition. The Court construed Petitioner's motion as a motion to alter or amend the judgment under Rule 59, granted the motion, vacated its Order dismissing the case, and allowed Petitioner leave to file an amended petition.

Presently before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus.

## Discussion

**A.     Timeliness**

Pursuant to 28 U.S.C. ' 2244(d), Petitioner had one year from the date his judgment of conviction became final within which to file a petition for writ of habeas corpus in federal court. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler,* ___ U.S. ___, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02. Thus, Petitioner's judgment of conviction became final on May 4, 2005, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The one-year limitations period was tolled, however,

---

[1] The Court appointed counsel, on Petitioner's motion, in the interim between the Magistrate Judge issuing her Report and Recommendation and the Court dismissing the petition as untimely.

during the pendency of Petitioner's post-conviction proceedings, and during the pendency of his state habeas proceedings. 28 U.S.C. § 224(d)(2).

Accordingly, the statute of limitations ran 26 days from May 5, 2005 through May 26, 2005, the day Petitioner filed his motion for post-conviction relief. The statute began to run again on January 3, 2008, the date of the issuance of the mandate in Petitioner's post-conviction relief proceedings. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). The statute then ran 105 days until Petitioner filed his first habeas petition in state circuit court; 20 days between the denial of his circuit court habeas petition and the filing of his state appellate court habeas petition; and 57 days between the denial of his appellate court habeas petition and the filing of his Missouri Supreme Court habeas petition. Thus, when the Missouri Supreme Court denied Petitioner's habeas petition on September 30, 2008, the statute had run 208 days.

Petitioner filed his initial petition in Case 4:08CV1950HEA on December 11, 2008. However, filing a petition for writ of habeas corpus in federal court does not toll § 2244(d)'s statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Between the filing of the initial petition in Case 4:08CV1950HEA, and the August 24, 2009 dismissal of the amended petition in that case, the statute ran an additional 328 days, for a total of 536 days. It is patently clear Petitioner's initial Petition and Amended Petition in this action were both untimely as the statute of limitations had run for well over a year before he filed his initial Petition.

Petitioner argues that his Amended Petition is timely based on a theory of equitable tolling. Under the doctrine of equitable tolling, the statutory limitations period of § 2244(d) may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent

and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 649–50.

Petitioner buttresses his equitable tolling argument on the alleged denial of his access to the law library in Southeast Correctional Facility between 2004 and 2009. However, Petitioner simultaneously points to the "lengthy procedural history" of this matter to demonstrate that he has been diligently pursuing his rights. The Court finds that the procedural history of this case, as summarized above, unequivocally demonstrates that no extraordinary circumstance stood in Petitioner's way of complying with the statute of limitations. Petitioner further argues that the statute of limitations was tolled until May 2, 2011, when he was appointed counsel. However, the Eighth Circuit has noted that "'[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.'" *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.") (quotation marks omitted). Accordingly, the Court roundly rejects this argument for equitable tolling as well.

Based on the foregoing, the Court finds that the Amended Petition is untimely, pursuant to 28 U.S.C. § 2244(d), and is therefore denied and dismissed.

**B.    Certificate of Appealability**

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court

was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Based on the record, and the law as discussed above, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Amended Petition is untimely. Thus, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Petition filed by Petitioner for habeas corpus relief pursuant to 28 U.S.C. § 2254 [Doc. No. 100] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 23rd day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE