**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT BELL, JR.,                                    )
                                                     )
              Petitioner,                            )
                                                     )
v.                                                   )          No. 4:10-CV-1037 HEA
                                                     )
TROY STEELE,  al.,                                   )
                                                     )
              Respondents,                           )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Robert Bell, Jr.'s "Motion for Relief to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for an order setting aside the judgment entered in this action on the 23rd day of October, 2014, dismissing the above entitled cause as untimely, or in the alternative RULE 59(e) a Motion to Alter the Judgment previously made on August 20th, 2025, in which was denied."[Doc. No. 150].

Essentially, Petitioner seeks to reopen this habeas matter, which the Court denied and dismissed as untimely on October 23, 2014. [Doc. No. 130]. As detailed in the Order denying Petitioner's previous Motion for Relief, [Doc. No. 148], Rule 60(b) applies in habeas cases only to the extent it is not inconsistent with the Antiterrorism and Effective Death Penalty Act. *Gonzalez v. Crosby*, 545

U.S. 524, 529 (2005). In *Gonzalez*, the Supreme Court explained that a Rule 60(b) motion may proceed if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. But where the motion seeks to advance a substantive claim for relief from the conviction, it must be treated as a second or successive habeas petition. *Id*. at 530–32.

Petitioner contends his objection is: since there was never a merits ruling made on his writ, he is only attacking the integrity of the Court's decision that the writ was untimely. Stated differently, Petitioner is challenging the Court's finding that his original Petition was untimely filed. In essence, Petitioner is seeking a reconsideration of the 2014 finding that his habeas petition was untimely. Petitioner does not, however, set forth any basis upon which the Court should reconsider the conclusion that his petition was beyond the time for filing a habeas petition. Indeed, the Court thoroughly analyzed the timeliness of Petitioner's Petition in its October 23, 2014 Opinion.

Moreover, it is clear that Petitioner's ultimate goal in this current motion is for the Court to consider the substance of his claim, which again circles back to *Gonzoles'* prohibition against successive petitions.

The Court addressed the timeliness of Petitioner's habeas petition more than ten years ago. Rule 60(b) does not provide a vehicle to relitigate the matter.

2

*Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). As previously held in the Opinion denying Petitioner's first Motion to Set Aside, [Doc. No 148], the Court lacks jurisdiction to consider such a petition absent authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3).

Furthermore, with respect to Petitioner's alternative Motion to Alter the August 20, 2025 denial of his original Motion under Rule 60, the Order of August 20, 2025 was not a judgment, rather it was a denial of Petitioner's Motion under Rule 60. Additionally, "[i]t should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*. (internal quotation omitted); see also *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018). Petitioner has presented no manifest errors of law or fact or any newly discovered evidence to support his Rule 59 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for relief from

3

judgment under Rule 60(b)(6) [Doc. No. 150] is **DENIED**.

Dated this 1st day of July, 2026.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4